**O**

1
2
3
4
5
6
7
8
9
10

# United States District Court
# Central District of California

11

DWAIN LAMMEY,

    Plaintiff,

 v.

OMNI LOS ANGELES, LLC, et al.,

    Defendants.

Case № 2:21-cv-00362-ODW (AFMx)

**ORDER GRANTING
MOTION TO DISMISS [18]**

## I.  INTRODUCTION

  Plaintiff Dwain Lammey initiated this action against Defendant Omni Los Angeles, LLC and Omni Hotels Management Corporation ("Omni"), which owns the Omni Los Angeles Hotel at California Plaza. (First Am. Compl. ("FAC"), ECF No. 17.) Lammey alleges that Omni's third-party hotel reservations website lacks sufficient accessibility information; he asserts two causes of action: (1) violation of the Americans with Disabilities Act ("ADA") and (2) violation of the Unruh Civil Rights Act ("Unruh Act"). Omni moves to dismiss Lammey's FAC for failure to state a claim. (Mot. to Dismiss ("Motion" or "Mot."), ECF No. 18.) For the reasons discussed below, the Court **GRANTS** Omni's Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.    BACKGROUND[2]

Lammey has physical disabilities and uses a wheelchair for mobility.  (FAC ¶ 1.)  In September 2020, Lammey planned to travel to the Los Angeles area and went online to book a room at Omni's hotel.  (*Id.* ¶¶ 12–16.)  Lammey alleges that he was unable to make a reservation due to inadequate accessibility information on Omni's third-party reservation booking website, Expedia.com.  (*Id.* ¶¶ 16–30.)  The reservation website provides information regarding the accessible amenities, facilities, and areas of the hotel, as well as descriptions of accessible rooms.  (*See id.* ¶ 18.)  The reservation website describes the accessible rooms as having an "Accessible bathroom," "Roll[-]in shower," and being "Wheelchair accessible."  (*Id.* ¶ 19.)  Lammey claims this information is insufficient for him to assess whether the room actually suits his accessibility needs.  (*Id.* ¶¶ 18–30.)

## III.    LEGAL STANDARD

A court may dismiss a complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim.  *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003).  The factual "allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft*, 556 U.S. at 678 (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  A court is generally limited to the

---

[2] All factual references derive from the Complaint or attached exhibits, unless otherwise noted, and well-pleaded factual allegations are accepted as true for purposes of this Motion.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

1   pleadings and must construe all "factual allegations set forth in the complaint . . . as
2   true and . . . in the light most favorable" to the plaintiff.  *Lee v. City of Los Angeles*,
3   250 F.3d 668, 679 (9th Cir. 2001).   However, a court need not blindly accept
4   conclusory allegations, unwarranted deductions of fact, and unreasonable inferences.
5   *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

6        Where a district court grants a motion to dismiss, it should generally provide
7   leave to amend unless it is clear the complaint could not be saved by any amendment.
8   *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d
9   1025, 1031 (9th Cir. 2008).   Leave to amend may be denied when "the court
10  determines that the allegation of other facts consistent with the challenged pleading
11  could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture
12  Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).   Thus, leave to amend "is properly
13  denied . . . if amendment would be futile." *Carrico v. City & Cnty. of San Francisco*,
14  656 F.3d 1002, 1008 (9th Cir. 2011).

15               **IV.**       **JUDICIAL NOTICE**

16       In connection with the Motion, Omni requests the Court take judicial notice of
17  several documents, including images of the accessible amenities section and the
18  description of the accessible hotel room as they appear on the reservation site.  (Def.'s
19  Req. for Judicial Notice ¶¶ 1–2, Exs. 1 ("Accessible Amenities"), 2 ("Accessible
20  Room Description"), ECF Nos. 20-1, 20-2.)

21       "[A] court may judicially notice a fact that is not subject to reasonable dispute
22  because it: (1) is generally known within the trial court's territorial jurisdiction; or
23  (2) can be accurately and readily determined from sources whose accuracy cannot
24  reasonably be questioned." Fed. R. Evid. 201(b).  Courts may also take judicial notice
25  of "publicly accessible websites." *In re Yahoo Mail Litig.,* 7 F. Supp. 3d 1016, 1024
26  (N.D. Cal. 2014); *see also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998
27  (9th Cir. 2010) (finding district court correctly considered publicly-available websites

28

1    where "Plaintiffs directly quoted the material posted on these web pages, thereby

2    incorporating them into the Complaint.").

3         Here, Exhibit 1 is a publicly accessible webpage that Lammey quotes in his

4    Complaint and is directly related to matters at issue in this case.  Thus, the Court

5    grants Omni's request and takes judicial notice of Exhibit 1.  Exhibit 2, however, is

6    accessibility information from Omni's direct website, which is not at issue in

7    Lammey's FAC.  Nevertheless, the relevant Accessible Room Description is available

8    on the *same* third-party website referenced in the FAC, and the Court *sua sponte*

9    judicially notices that information.  *See* Fed. R. Evid. 201(c).  The Court denies

10   Omni's request for judicial notice as to its other proffered documents, as the Court

11   does not rely on them to resolve this Motion.

12                            **V.      DISCUSSION**

13        Lammey asserts two causes of action against Omni, for violation of 28 C.F.R.

14   section 36.302(e) ("Reservations Rule") under the ADA, and also violation of the

15   Unruh Act.  (*See* Compl. ¶¶ 35–42.)  As discussed below, Lammey fails to state a

16   claim against Omni for violation of the Reservations Rule and the Court declines to

17   exercise supplemental jurisdiction over his Unruh Act claim.

18   **A.      Americans with Disabilities Act (Claim One)**

19        Lammey argues Omni's third-party reservation system violates the Reservations

20   Rule of the ADA by failing to describe its accessibility information with enough

21   specificity to allow him to make an informed choice about whether the room suits his

22   particular needs.  (*See generally id.*)  Specifically, Lammey points to a lack of

23   information regarding "the existence of grab bars for the accessible guestroom

24   toilets," (*id.* ¶ 22), "accessibility of the sinks," (*id.* ¶ 23), and "the clear space next to

25   the bed," (*id.* ¶ 24).  Omni contends its website complies with the ADA, as interpreted

26   by the Department of Justice's 2010 guidance ("DOJ 2010 Guidance").  (Mot. 7–10.)

27        The relevant portion of the ADA states, "a place of lodging shall . . . [i]dentify

28   and describe accessible features in the hotels and guest rooms offered through its

                                        4

reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs." 28 C.F.R § 36.302(e)(1)(ii). The DOJ 2010 Guidance analyzes this section and clarifies that "a reservations system is not intended to be an accessibility survey," and that, "[b]ecause of the wide variations in the level of accessibility that travelers will encounter[,] . . . it may be sufficient to specify that the hotel is accessible" and provide basic facts about each accessible room. *Id*. The DOJ 2010 Guidance goes on to provide, "[f]or hotels that were built in compliance with the 1991 Standards, it may be sufficient . . . , for each accessible room, to describe the general type of room . . . , the size and number of beds . . . , [and] the type of accessible bathing facility." 28 C.F.R. § Pt. 36, App. A, Section 36.302(e) Hotel Reservations.

Omni's third-party reservation website satisfies the articulated standard. The website lists Omni's accessible hotel amenities and describes the available accessible hotel rooms. The room description lists the room as "accessible," and includes the size and number of beds (two double beds). The website also states that the accessible rooms have accessible bathrooms, and some have roll-in showers. The Court finds that, based on the allegations in Lammey's Complaint and the judicially noticed documents, the descriptions provided on Omni's third-party reservation website are sufficient to comply with the ADA.

Lammey argues that merely stating something is "accessible" is conclusory and does not provide enough information for an independent assessment, particularly when it comes to the specific information that is important to him, such as sink compliance or desk height. (*See* Compl. ¶ 20.) However, courts have found that describing something as "accessible" is sufficient because "accessible" is a term of art used by the ADA Accessibility Guidelines to describe ADA-compliant facilities. *See Garcia v. Gateway Hotel*, No. CV 20-10752-PA (GJSx), 2021 WL 936176 at *4 (C.D. Cal. Feb. 25, 2021) (collecting cases) (finding the use of term "accessible" is

1   not conclusory because it means that those features of the hotel comply with ADA

2   guidelines), *appeal filed*, No. 21-55227 (9th Cir. Mar. 10, 2021).  The Court agrees

3   that "stating that the room is 'accessible' by definition means that the room complies

4   with the ADA requirements."  *See id.*

5          Accordingly, the Court finds that Omni's third-party reservation website

6   complies with the ADA and the Reservation Rule as a matter of law and, therefore,

7   Lammey fails to state a claim for violation of the ADA.  As the Court finds the

8   website ADA-compliant, any amendment would be futile and the Court **DISMISSES**

9   the ADA claim with prejudice.

10  **B.     Unruh Civil Rights Act (Claim Two)**

11         A district court "'may decline to exercise supplemental jurisdiction' if it 'has

12  dismissed all claims over which it has original jurisdiction.'"  *Sanford v.*

13  *MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (citing 28 U.S.C. § 1367(c)(3)).

14  "[I]n the usual case in which all federal-law claims are eliminated before trial, the

15  balance of factors to be considered under the pendent jurisdiction doctrine—judicial

16  economy, convenience, fairness, and comity—will point toward declining to exercise

17  jurisdiction over the remaining state-law claims."  *Carnegie-Mellon Univ. v. Cohill*,

18  484 U.S. 343, 350 n.7 (1988); *Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1101

19  (9th Cir. 1996) ("Where a district court dismisses a federal claim, leaving only state

20  claims for resolution, it should decline jurisdiction over the state claims and dismiss

21  them without prejudice.").

22         Lammey's ADA claim provided the only basis for original jurisdiction.  As the

23  Court has dismissed Lammey's ADA claim, it declines to exercise supplemental

24  jurisdiction over his remaining state law claim.  Accordingly, Lammey's second cause

25  of action is **DISMISSED** without prejudice.

26  ///

27  ///

28  ///

## VI.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** Omni's Motion to Dismiss.  (ECF No. 18.)  The Court **DISMISSES** the ADA claim with prejudice.  The Court declines to exercise supplemental jurisdiction over the Unruh Act claim and **DISMISSES** that claim without prejudice.  The Court will issue Judgment consistent with this Order.

**IT IS SO ORDERED.**

August 13, 2021

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**